**Bret S. KLEIN, Petitioner–Appellant,**

v.

**Donice NEAL; Gale Norton, Attorney General of the State of Colorado, Respondents–Appellees.**

No. 94–1431.

United States Court of Appeals, Tenth Circuit.

Jan. 17, 1995.

Submitted on the brief: *

Bret S. Klein, on the brief pro se.

Appellees did not file a brief.

Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Bret S. Klein, appearing pro se, brings this appeal challenging the district. court's dismissal of his habeas corpus petition. The district court dismissed the petition because Mr. Klein failed to carry his burden of overcoming a procedural bar to his ineffective assistance of counsel claim by demonstrating either cause and prejudice for his default or that a fundamental miscarriage of justice would occur if we did not address the merits of his claim. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

## BACKGROUND

The facts, briefly stated, are as follows. In 1986, Mr. Klein was charged with burglary and theft in Colorado state court. Due to his prior record, he was subject to habitual criminal charges. In March of that year, Mr. Klein entered into a plea agreement whereby he would plead guilty to felony theft in exchange for dismissal of the burglary charge and non-prosecution of the habitual criminal charges. The plea was accepted and sentence imposed on July 10, 1986.

In April 1991, almost five years after he pled guilty to the 1986 theft charges, Mr. Klein filed a motion in Colorado state court pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, claiming his 1986 plea of guilty was the product of ineffective assis-

---

* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

tance of counsel.[1] Mr. Klein alleges he only accepted the plea agreement because his lawyer "would not do any investigation or attempt to forulate [sic] and prepare any type of defense." In September 1991, the Colorado state court held an evidentiary hearing on Mr. Klein's claim and ultimately rejected it as untimely under § 16–5–402 [2] and, in the alternative,[3] as non-meritorious.

Mr. Klein appealed this determination to the Colorado Court of Appeals who affirmed the decision to deny relief, albeit solely on the basis that Mr. Klein's motion was untimely. The court did not reach the alternative disposition on the merits. *See People v. Klein,* No. 91CA1786 (Colo.App. Mar. 25, 1993) (unpublished opinion). After Mr. Klein's petition for review by writ of certiorari was denied by the Colorado Supreme Court, he filed the present petition for a writ of habeas corpus in federal court. The sole claim presented in his federal petition is whether he received ineffective assistance of counsel during his plea negotiations and plea.

The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), who recommended the petition be dismissed because the Colorado Court of Appeals' ruling rested on an adequate and independent state ground, thereby constituting a procedural bar to federal habeas corpus review. The magistrate judge further found Mr. Klein had failed to make a sufficient showing to override the application of a procedural bar. Over Mr. Klein's objection, the district court agreed and dismissed the petition. The dis-

trict court thereafter issued a certificate of probable cause and this appeal ensued.

## DISCUSSION

In determining whether the magistrate judge, and the district court, properly concluded this claim was procedurally barred, we must resolve two issues. First, does the Colorado Court of Appeals' ruling constitute an "adequate" ground for disposition "independent" of federal law? If so, then has Mr. Klein made a sufficient showing of either "cause and prejudice" or that a "fundamental miscarriage of justice" would occur so as to allow us to reach the merits of his claim.

### A.

#### 1.

It is now beyond cavil that the adequate and independent state ground doctrine is fully applicable to federal court review of habeas corpus petitions. *See Wainwright v. Sykes,* 433 U.S. 72, 81, 87, 97 S.Ct. 2497, 2503–04, 2506–07, 53 L.Ed.2d 594 (1977); *Brecheen v. Reynolds,* 41 F.3d 1343, 1353–54 (10th Cir.1994). "A state court's finding is deemed to be 'adequate' if it is applied 'evenhandedly'; that is, if it is ' " 'strictly or regularly followed.' " ' " *Id.,* at 1353 (citations omitted). "A state court's finding is considered 'independent if it is separate and distinct from federal law.' " *Id.*

---

**1.** In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court extended the two-part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which analyzed claims of ineffective assistance of trial counsel, to claims of ineffective assistance of counsel during a guilty plea. *See Hill,* 474 U.S. at 58, 106 S.Ct. at 370; *accord Laycock v. New Mexico,* 880 F.2d 1184, 1187 (10th Cir.1989).

**2.** Subsection (1) of the statute provides, *inter alia,* a three-year limitations period within which an individual must commence a collateral attack upon non-class 1 felonies, which includes felony theft. *See* Colo.Rev.Stat. § 16–5–402(1) (1986). Moreover, although the statute contains an exception for "justifiable excuse or excusable neglect," the Rule 35(c) court expressly found this exception inapplicable, finding Mr. Klein's claim

of ignorance of the statute's existence insufficient to constitute excusable neglect.

**3.** At the time of the Rule 35(c) hearing, it was an open question of law in Colorado whether a Rule 35(c) motion constituted a "collateral attack" for purposes of applying § 16–5–402. This uncertainty prompted the Rule 35(c) court to make alternative rulings in this case by holding that if a Rule 35(c) motion was a collateral attack, then it was untimely; however, if it was not a collateral attack, and thus not untimely, then Mr. Klein was still not entitled to relief on the merits. Subsequent to the disposition by the Rule 35(c) court, the Colorado appeals court, and eventually the Colorado Supreme Court, held the phrase "collateral attack," as used in § 16–5–402, included Rule 35(c) motions. *See People v. Wiedemer,* 852 P.2d 424, 431 (Colo.1993); *People v. Robinson,* 833 P.2d 832 (Colo.App.1992).

**1398**

In this case, construing Mr. Klein's pro se pleadings liberally, *see Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam), he appears to claim § 16–5–402 is not an "adequate" state ground because "there was reason for confusion or uncertainty" with regard to the application of the statute. While we agree with Mr. Klein that this statute has a tortured history,[4] we do not agree with his conclusion that this implies the statute is an inadequate basis on which to rest a procedural bar. Although phrased as a challenge to the adequacy of the statute, Mr. Klein's argument is really that the Rule 35(c) court did not have the benefit of the Colorado Supreme Court's decisions defining what constitutes "excusable neglect" and therefore a remand is necessary. We are not persuaded.

▆▆▆ The Colorado Supreme Court's decisions in *Wiedemer* and *Heitzman,* which defined "excusable neglect" under § 16–5–402(2)(d), did not *alter* the definition of those terms, thereby resulting in sporadic and uneven application of this statutory exception across similarly situated individuals; rather, those cases were simply judicial interpretations expounding on the meaning of that statutory exception. Therefore, while Mr. Klein is correct in his understanding of the law—that uneven application of that statute by the state courts would preclude reliance on it as a procedural bar to federal habeas corpus review because it is not an "adequate" ground—we discern no uneven application of § 16–5–402(2)(d) by the Colorado courts across "the vast majority of cases." *Andrews v. Deland,* 943 F.2d 1162, 1190 (10th Cir.1991) (noting that a state procedural ground is adequate as long as it is applied

regularly and evenhandedly in the vast majority of cases), *cert. denied,* 502 U.S. 1110, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992). Therefore, we find this ground is in fact "adequate" to support application of a procedural bar.

**2.**

The determination that a state court judgment rested on an "adequate" ground, however, only resolves half of the issue. The next question is whether the decision rested on an "independent" ground. Because it is unclear whether Mr. Klein challenges this issue on appeal, and because of his *pro se* status, we address it anyway. The magistrate judge applied *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), to the Colorado Court of Appeals' decision, and found the state court's decision clearly indicated its reliance on state law, namely § 16–5–402, and not federal law, thereby constituting an independent ground for its decision. While we agree with this conclusion, we believe the existing case law mandates a somewhat different analysis.

▆▆▆ In *Harris,* the Supreme Court held "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Id.* at 263, 109 S.Ct. at 1043 (citations and internal quotations omitted). The so-called "*Harris* presumption" embodies the notion that unless the state court judgment under review clearly and expressly indicates the court was relying on state law as the basis for its decision,[5] a

4. In 1983, the Colorado Supreme Court invalidated the predecessor statute to § 16–5–402 because subsection 2(d), which creates an exception for excusable neglect, was not part of the statute at that time. The absence of an exception of this type led the Colorado Supreme Court to find the statute violative of the state and federal constitutional guarantees of due process. *See Colorado v. Germany,* 674 P.2d 345, 354 (Colo. 1983). In 1989, after the statute was amended to add subsection 2(d), the Colorado Supreme Court construed the amended statute to contain "a grace period within which persons convicted of offenses prior to the lengths of time specified as limitations periods might nevertheless chal-

lenge their convictions without regard to the statutory exceptions." *People v. Fagerholm,* 768 P.2d 689, 693 (Colo.1989). Then, in 1993, the Colorado Supreme Court issued two decisions expounding the parameters of what constitutes "excusable neglect" under subsection 2(d). *See People v. Heitzman,* 852 P.2d 443, 448 (Colo. 1993) (citing discussion in companion case of *Wiedemer,* 852 P.2d at 441–42).

5. In *Ylst v. Nunnemaker,* 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), the Supreme Court made it clear that if the last state court to render a judgment on a claim did so in a cursory or unexplained manner, then the federal habeas

claim will be presumed to have been decided as a matter of federal law and therefore not procedurally barred on federal habeas corpus review. This presumption, however, assumes the existence of an ambiguity *ab initio* as to whether the state court's decision relied on state or federal law; the presumption thus serves as a useful tool for deciding whether the state court relied on an "independent" ground. If, however, the state court decision does not even fairly appear to rest on federal law or to be interwoven with federal law, then application of the *Harris* presumption is unwarranted. In *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court stated "[a] predicate to the application of the *Harris* presumption is that the decision of the last state court to which the petitioner presented his federal claims must fairly appear to rest primarily on federal law or to be interwoven with federal law." *Id.* at 735, 111 S.Ct. at 2557.

*Coleman* thus clarifies that the *Harris* presumption is applicable if, and only if, the predicate question of whether the state court decision fairly appears to rest primarily on federal law is first answered in the affirmative. If so, such that the state court decision could arguably be read as relying on both state and federal law, then application of the *Harris* presumption dictates the claim is not procedurally barred (*i.e.*, the decision should be presumed to rest on federal law and is therefore not an "independent" ground) unless there is a clear indication by the state court to the contrary (*i.e.*, a plain statement that it was relying on state law as the basis for the decision).

*Coleman* succinctly describes why the *Harris* presumption works in practice.

[I]n the majority of cases in which a state court decision fairly appears to rest primarily on federal law or to be interwoven with such law, and the state court does not plainly state that it is relying on an independent and adequate state ground, the state court decision did not in fact rest on

an independent and adequate state ground. We accept errors in those small number of cases where there was nonetheless an independent and adequate state ground in exchange for a significant reduction in the costs of inquiry.

The tradeoff is very different when the factual predicate does not exist. In those cases in which it does not fairly appear that the state court rested its decision primarily on federal grounds, it is simply not true that the 'most reasonable explanation' is that the state judgment rested on federal grounds.

*Id.* at 737, 111 S.Ct. at 2558. Overriding concerns of federalism demand this result as "[t]here is ... little that the federal courts will gain by applying a presumption of federal review in those cases where the relevant state court decision does not fairly appear to rest primarily on federal law or to be interwoven with such law, and much that the States and state courts will lose." *Id.* at 740, 111 S.Ct. at 2559.

■ Application of these principles to this case demonstrates we need not reach the question of whether the *Harris* presumption applies. The decision of the Colorado Court of Appeals does not contain even a scintilla of evidence suggesting the court relied on federal law. There is no reference to any form of federal law, be it constitutional, statutory or decisional, in the opinion, and as such, the predicate to the *Harris* presumption has not been satisfied. The only references to legal authority are to Colorado statutory and decisional law. We therefore find the Colorado Court of Appeals' decision, which was the last reasoned state court decision in this case, rested exclusively on state law, entirely "independent" of federal law. The magistrate judge was thus correct in concluding Mr. Klein's ineffective assistance of counsel claim was subject to a procedural bar, and we will not reach the merits of his claim unless he carries his burden of overriding the procedural bar.

---

corpus courts are to apply a "look through" rule, which essentially looks past the last state court decision to the last *reasoned* state court decision. That then becomes the decision to be reviewed by the federal habeas corpus court. *See id.* at

803–06, 111 S.Ct. at 2594–96; *see also Brecheen*, at 1357–58. In this case, the last reasoned state court decision is that of the Colorado Court of Appeals.

## B.

■ A habeas corpus petitioner may excuse a procedural default by demonstrating either "cause for the default and actual prejudice as a result of the alleged violation of federal law, or ... that failure to consider the claims will result in a fundamental miscarriage of justice." *Brecheen,* 41 F.3d at 1353; *see also Coleman,* 501 U.S. at 750, 111 S.Ct. at 2565.

## 1.

■ The "cause and prejudice" exception is conjunctive, requiring proof of both cause *and* prejudice. *See Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649–50, 91 L.Ed.2d 397 (1986); *see also Engle v. Isaac,* 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 1575 n. 43, 71 L.Ed.2d 783 (1982). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645. Examples of such objective factors include a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that " 'some interference by officials' " made compliance impracticable. *Id.* (quoting *Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984), and citing *Brown v. Allen,* 344 U.S. 443, 486, 73 S.Ct. 397, 422, 97 L.Ed. 469 (1953)).

■ Applying this standard, it is apparent Mr. Klein's assertions he is not a lawyer and he was unaware of this statute's existence are insufficient as a matter of law to constitute "cause." *See Cornman v. Armontrout,* 959 F.2d 727, 729–30 (8th Cir.1992) (citing cases for the propositions that neither below-average intelligence, *pro se* status or lack of formal legal training constitute "cause").[6] Therefore, the magistrate judge properly concluded Mr. Klein may not avail himself of this exception. Furthermore, because Mr. Klein has failed to demonstrate "cause," we need not assess the "prejudice" component of the inquiry.

## 2.

■ In the alternative, Mr. Klein contends the exception for a "fundamental miscarriage of justice" is applicable. To come within this very narrow exception, the petitioner must "supplement[ ] his constitutional claim with a colorable showing of factual innocence." *Brecheen,* 41 F.3d at 1357 (citing *Herrera v. Collins,* —— U.S. ——, ——, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993)). The inquiry must focus on actual or factual innocence, as opposed to legal innocence. *See Brecheen,* 41 F.3d at 1356–57. Moreover, an adequate showing of the applicability of this exception does not establish an entitlement to relief; rather, such a showing is merely "a gateway through which a habeas petitioner must pass to have his otherwise barred claim *considered on the merits.*" *Id.* at 1357 (emphasis in original) (citing *Herrera,* —— U.S. at ——, 113 S.Ct. at 862). The exception is intended for those rare situations "where the State has convicted the wrong person of the crime.... [Or where] it is evident that the law has made a mistake." *Sawyer,* —— U.S. at —— – ——, 112 S.Ct. at 2519–20.

■ Mr. Klein argues this exception is applicable because he allegedly maintained his innocence up to and including the time he pled guilty to the charges which led to his incarceration, and he entered his plea only after threats and poor legal advice by his attorney. But during Mr. Klein's Rule 35(c) hearing, the state trial court expressly found "repeated incidents in the record showing acknowledgements of guilt by defendant," while at the same time finding Mr. Klein's allegations of his counsel's misconduct simply not credible. These findings are supported by the record, and accordingly, they are entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *See Church v. Sullivan,* 942 F.2d 1501, 1516 (10th Cir.1991) (discussing the presumption of correctness and stat-

---

6. To be sure, *Cornman* dealt with "cause" to overcome a claim of abuse of the writ, not "cause" to overcome a procedural default. The Supreme Court, however, has equated the "cause and prejudice" standards applicable to procedural defaults with the "cause and prejudice" standards applicable to successive and abusive petitions. *See Sawyer v. Whitley,* —— U.S. ——, ——, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992).

ing "we treat a state court finding regarding credibility as a finding of fact"). Accordingly, Mr. Klein has fallen far short of making a sufficient showing of actual innocence to overcome his procedural default.

In sum, while we recognize many litigants perceive that the disposition of claims because of procedural noncompliance seems unfairly harsh and picayune, the Supreme Court has acknowledged "the significant harm to the States that results from the failure of federal courts to respect [a state's procedural rules]." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. Concerns of federalism and comity dictate that the federal courts give the same respect to a state's procedural rules as is given to federal procedural rules. *Id.* at 751, 111 S.Ct. at 2565–66.

The judgment of the district court is **AFFIRMED.**