76 F.3d 392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steven K. HATCH, Petitioner-Appellant,
v.
Dan REYNOLDS, Respondent-Appellee.
 No. 95-6072.
 United States Court of Appeals, Tenth Circuit.
 Feb. 12, 1996.
 
 Before PORFILIO, KELLY, and LUCERO, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Petitioner Steven K. Hatch appears pro se. He appeals the district court's order adopting the magistrate judge's recommendation to deny this petition for writ of habeas corpus, filed pursuant to 28 U.S.C. 2254. Petitioner challenges his convictions on two counts of shooting with intent to kill for which he was sentenced to forty-five years' imprisonment on each count. This court has previously granted a certificate of probable cause. We have jurisdiction over this appeal pursuant to 28 U.S.C. 1291. We affirm.
 
 
 2
 The petitioner's two convictions before us for our consideration, and two related felony-murder convictions, arose from an October 15, 1979 episode in which he and another man bound and gagged a family of four, ransacked their home, and attempted to rape the twelve-year-old daughter. As petitioner left the victims' house to get the car, his accomplice shot all four victims. Both parents died. The two children survived. Petitioner was sentenced to death on each felony-murder conviction. This court considered and rejected petitioner's challenges to the felony-murder convictions and death sentences in Hatch v. Oklahoma, 58 F.3d 1447 (10th Cir.1995); those matters are not before us.
 
 
 3
 We consider petitioner's convictions for shooting the two children with intent to kill. He claims those convictions are constitutionally infirm for the following reasons: (1) the evidence was insufficient to prove his criminal intent, (2) the trial court improperly excluded the testimony of a defense witness, (3) the trial court mistakenly believed petitioner previously had been convicted of arson, (4) petitioner received ineffective assistance of counsel at trial, and (5) the trial court failed to hold a competency hearing required by state statute. Petitioner has not pursued on appeal the following two issues raised in the district court: insufficiency of the evidence to support petitioner's status as a "principal in the commission of the crimes," and the trial judge's failure to recuse. Defendant has waived those issues. See State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 984 n. 7 (10th Cir.1994)(failure to raise issue in opening brief waives it).
 
 
 4
 Petitioner concedes that his failure to raise issues two and five in the Oklahoma state courts precludes him from bringing them in this federal habeas proceeding, unless he can show cause and prejudice for his default, or that failure to consider the claims will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991)(state prisoner's default in state court bars federal habeas review unless he can demonstrate cause and prejudice, or fundamental miscarriage of justice if claims are not considered). The miscarriage of justice exception is explicitly tied to the petitioner's innocence. Schlup v. Delo, 115 S.Ct. 851, 864 (1995).
 
 
 5
 Petitioner maintains that because he has demonstrated his actual innocence "based upon the absence of an essential element of the crimes charged, intent," appellant's br. at 2, he is not barred from bringing his claims. He relies on Schlup as authority to overcome Coleman 's procedural bar, claiming his assertion of innocence coupled with a claim of constitutional error permits our review of these claims. Petitioner has failed, however, to allege any new evidence of innocence.
 
 
 6
 "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Schlup, 115 S.Ct. at 861; see also Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir.1995)(petitioner must show actual or factual innocence, as opposed to legal innocence, to come within very narrow exception for fundamental miscarriage of justice). Accordingly, we conclude that issues two and five--whether a defense witness was improperly excluded and the failure to hold a competency hearing--are procedurally barred. Consequently, we do not consider their merits. Schlup, 115 S.Ct. at 862-63 (habeas court ordinarily may not reach merits where petitioner has failed to show cause and prejudice or miscarriage of justice).
 
 
 7
 We next consider whether the evidence was sufficient to establish petitioner's guilt for the crime of shooting with intent to kill. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); accord Scrivner v. Tansy, 68 F.3d 1234, 1239 (10th Cir.1995). Our inquiry is limited to evidence in the record, and we cannot make our own determination of guilt or innocence. Herrera v. Collins, 506 U.S. 390, 402 (1993).
 
 
 8
 Petitioner's culpability for the shootings is based on the acts of his accomplice who pulled the trigger. Okla. Stat. tit. 21, 172 provides: "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals." The crime of shooting with intent to kill is the intentional and wrongful shooting of another with intent to kill. Id. 652 (amended 1987).
 
 
 9
 It is unnecessary to repeat the details of the crime because they were stated by the magistrate judge and the district court in this case, as well as by other courts. See, e.g., Hatch, 58 F.3d at 1451; Ake v. State, 663 P.2d 1, 4 (1983)(accomplice's direct criminal appeal), rev'd, 470 U.S. 68 (1985). Briefly, petitioner entered the house with a firearm, bound and gagged the victims, held them at gunpoint while his accomplice ransacked the house, and went to get the car after his accomplice told him to do so and to "listen for the sound."
 
 
 10
 Petitioner claims that his accomplice did not say those words. He asserts his lack of intent is demonstrated by the following evidence: petitioner took precautions to ensure that the victims did not see his face, he berated his accomplice for attempting to rape the daughter, the accomplice made a statement that it was his idea to shoot the victims, and petitioner testified that he did not intend for the victims to be shot. The surviving victims testified that petitioner and his accomplice discussed killing the family. They also stated that the accomplice told petitioner to "listen for the sound."
 
 
 11
 Petitioner left the house knowing that his accomplice was going to kill the family. "It is hard to imagine what other meaning [petitioner] could have attributed to 'listen for the sound' were it not to denote the sound of gunfire." Hatch v. State, 662 P.2d 1377, 1382 (Okla.Crim.App.1983). Even if the accomplice later attempted to exonerate him, petitioner conspired with him to create the situation in which the victims were shot.
 
 
 12
 The trial judge, as trier of fact, weighed and resolved any conflicts in the evidence. We do not reweigh the evidence or consider witnesses' credibility, but must affirm the conclusion of the trier of fact if it is reasonable. Romero v. Tansy, 46 F.3d 1024, 1032 (10th Cir.), cert. denied, 115 S.Ct. 2591 (1995). Our review of the record convinces us that a rational finder of fact could have found beyond a reasonable doubt that petitioner aided and abetted the accomplice in the intentional and wrongful shooting of the victims with the intent to kill.
 
 
 13
 We turn to petitioner's claim that, at sentencing for the murder convictions, the trial court considered a prior arson conviction, even though petitioner had not been convicted of arson. Any errors in that proceeding are not before us. Although petitioner claims that the erroneous arson conviction may have entered into the trial judge's consideration before that time, there is nothing in the record to suggest that it did. Accordingly, we perceive no constitutional violation.
 
 
 14
 Finally, we address whether petitioner received ineffective assistance of counsel at trial. He has abandoned his claim that his appellate counsel provided ineffective assistance. He alleges (1) the trial attorney failed to overcome the trial court's ruling to exclude the testimony of a proffered defense witness, (2) the pretrial investigation and pretrial motions were inadequate, and (3) the attorney failed to pursue or to advocate zealously petitioner's defense that he did not intend the shootings. Petitioner also claims generally that his attorney's trial performance was incompetent.
 
 
 15
 We review de novo the ultimate question of whether a defendant received ineffective assistance of counsel. Romero, 46 F.3d at 1028. To establish a claim of ineffective assistance of counsel, petitioner must demonstrate both that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Romero, 46 F.3d at 1028-29. Allegations that are conclusory in nature and not supported with factual averments will not support a claim of ineffective assistance of counsel. United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir.1994).
 
 
 16
 Petitioner complains that his attorney was ineffective because the trial judge excluded the testimony of a defense witness. The record reflects, and petitioner admits, that the attorney attempted to elicit the witness's testimony, but the trial judge ruled against the defense. An attorney's performance is not ineffective solely because the trial judge made an adverse ruling.
 
 
 17
 We have held previously that petitioner failed to demonstrate that his trial attorney's pretrial investigation and representation were ineffective. Hatch, 58 F.3d at 1457. Here, as there, "petitioner does not state what exculpatory evidence an adequate investigation [or adequate pretrial motions] would have discovered or how this evidence would have affected the outcome of the innocence/guilt phase of the trial." Id. (footnote omitted). Similarly, petitioner's general allegations that his trial attorney's representation was incompetent do not meet the Strickland standard. Accordingly, we conclude petitioner has failed to establish that his Sixth Amendment right to the effective assistance of counsel was violated.
 
 
 18
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 The case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3