**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 1 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HARLEY R. ROBERTS,

     Petitioner-Appellant,

v.

H. N. SCOTT,

     Respondent-Appellee.

No. 98-6119
(D.C. No. CIV-97-821-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Harley Ray Roberts brought this pro se petition for habeas corpus relief under 28 U.S.C. § 2254, alleging that he received ineffective assistance of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

counsel with respect to a plea agreement disposing of three state criminal proceedings, and that his sentence exceeded that provided by the agreement. The district court denied relief, concluding that the claims were procedurally barred, and denied Mr. Roberts' request for a certificate of appealability. Mr. Roberts appeals and renews his request for a certificate of appealability. We agree with the district court that Mr. Roberts' claims are barred. We therefore deny his motion for a certificate of appealability and dismiss his appeal.

The state court proceeding at issue disposed of three criminal actions against Mr. Roberts: in case number CRF-86-658 he was charged with robbery with a firearm after former conviction of two or more felonies; in case number CRF-87-89 he was charged with twenty-five counts of unauthorized use of a credit card; and in case number CRF-86-659 he was charged with one count of assault and battery with a deadly weapon after former conviction of two or more felonies and one count of carrying a concealed weapon after former conviction of two or more felonies. Mr. Roberts pled guilty to all the charges and was sentenced to life imprisonment in CRF-86-658, concurrent sentences of twenty-five years on the twenty-five counts in CRF-87-89, and two life sentences on the two counts in CRF-86-659.

Mr. Roberts did not take a direct appeal. In 1992, he filed unsuccessful petitions for state post-conviction relief challenging his convictions in all three

cases.  Those petitions contained allegations of ineffective counsel which Mr. Roberts subsequently abandoned.  In 1996, Mr. Roberts filed second petitions in state court seeking post-conviction relief in all three cases, in which he asserted new ineffective assistance of counsel claims and contended that his sentence exceeded that provided in the plea agreement.  The state district court ruled that these claims were procedurally barred by Mr. Roberts' failure to raise them on direct appeal or in his first state post-conviction proceedings.  The state Court of Criminal Appeals held that Mr. Roberts' sentence under the count charging him with carrying a concealed weapon was not legally valid and was therefore not immune from collateral attack.  Accordingly, the appellate court ordered that sentence vacated and remanded the matter to the district court to impose a proper sentence.  The court affirmed the denial of post-conviction relief in all other respects, agreeing with the district court that the remaining claims were procedurally barred.

Mr. Roberts then filed this petition for federal habeas corpus relief under section 2254, reasserting with respect to all three state cases that his counsel was ineffective and that his sentence exceeded that provided in the plea agreement. After ascertaining that Mr. Roberts had in fact filed two requests for state post-conviction relief in each case, the federal district court held the claims procedurally barred by Mr. Roberts' failure to raise them previously.

With the exception of the sentence on Mr. Roberts' concealed weapon conviction,[1] the state appellate court's denial of state post-conviction relief was explicitly grounded on procedural default, namely Mr. Roberts' failure to raise the issues on direct appeal or in his first post-conviction proceedings. When a federal habeas petitioner seeks to raise claims that have been defaulted in state court, he must show both cause for the default and prejudice resulting from the constitutional violation. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995). Moreover, we have held that ineffective assistance of counsel claims that were raised for the first time in second state post-conviction proceedings, are barred unless the petitioner can make the requisite showing. *See Moore v. Reynolds*, No. 97-6065, 1998 WL 387452, at *6-7 (10th Cir. July 13, 1998). Mr. Roberts has not shown cause for his failure to raise the defaulted claims in his first state post-conviction proceedings. He likewise has failed to show that he falls within the

---

[1] Mr. Roberts' assertion that he pled to and was sentenced under an invalid concealed weapon charge was not deemed defaulted by the state appellate court. The court did conclude, however, that any claim of ineffectiveness in this regard was procedurally barred by Mr. Roberts' failure to raise it in his first state post-conviction challenge to this conviction. Although we may thus consider the invalid sentence claim on the merits, Mr. Roberts received all the relief he is due on this claim when he was resentenced on the charge from life to ten days in jail. As the state appellate court observed, Mr. Roberts actually received more than he bargained for as a result of his resentencing. Likewise, given the two remaining life sentences to which Mr. Roberts was subject on the other charges covered by the plea agreement, Mr. Roberts has failed to show that this error had an impact on his decision to enter into the plea agreement.

narrow exception created to prevent a fundamental miscarriage of justice. That inquiry focuses on factual as opposed to legal innocence, and is foreclosed in this case by Mr. Roberts' guilty pleas. *See Klein,* 45 F.3d at 1400. Accordingly, we conclude that the claims raised in Mr. Roberts' federal habeas petition are procedurally barred.

We **DENY** Mr. Roberts' request for a certificate of appealability and **DISMISS** his appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge
