**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**MAY 19 1999**

**TENTH CIRCUIT**

_____

**PATRICK FISHER**
**Clerk**

KARL THORPE,

     Petitioner-Appellant,

v.

RICHARD A. SOARES; GALE NORTON,
Attorney General of the State,

     Respondents-Appellees.

No. 99-1013
(D. Colo.)
(D.Ct. No. 98-D-2239)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Karl Richard Thorpe, a state inmate appearing *pro se*, appeals the district court's dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254, as time-barred and for failing to demonstrate cause and prejudice justifying his procedural default. The district court also denied Mr. Thorpe's request for a certificate of appealability. We deny Mr. Thorpe's request for a certificate of appealability and motion to proceed *in forma pauperis,* and dismiss his appeal.

In 1984, a Colorado state trial court convicted Mr. Thorpe in two separate cases for various felony infractions, including several counts of second-degree burglary, first-degree sexual assault, theft, and menacing. In both cases, the state trial court adjudicated Mr. Thorpe an habitual criminal and he received two sentences of fifty-years imprisonment to run consecutively. The Colorado Court of Appeals affirmed his conviction and sentence on November 6, 1986. Thereafter, Mr. Thorpe filed several post-conviction motions in state district court pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the state district court denied as successive. In 1997, Mr. Thorpe filed a motion seeking post-conviction relief on matters not raised in his previous Rule 35 motions, including a claim the trial court failed to provide a speedy trial. The state district court denied Mr. Thorpe's motion as time-barred and for failure to

allege facts, which, if true, constituted a justifiable excuse or excusable neglect explaining why his present claims were not raised in his previous motions. On April 2, 1998, the Colorado Court of Appeals affirmed the state district court's order.

On October 14, 1998, Mr. Thorpe filed his § 2254 petition asserting the state trial court erred in (1) adjudicated him as a habitual criminal for a burglary offense he claims he never committed, and (2) denying him a speedy trial under the Uniform Mandatory Disposition of Detainers Act. Mr. Thorpe also cursorily noted a claim of "attorney client violation" without further explanation.

The district court ordered Mr. Thorpe to show cause for his procedural default in not timely presenting the speedy trial claim to the state court. In response, Mr. Thorpe explained his default stemmed from his attorney's refusal to raise the speedy trial claim in one of his previous post-conviction motions. The district court rejected this explanation in lieu of Mr. Thorpe's series of post-conviction motions filed over the years. After liberally construing Mr. Thorpe's *pro se* pleadings, the district court concluded he did not demonstrate cause or prejudice for his procedural default, or that a fundamental miscarriage of justice will occur if his claim is not considered. In addition, the district court dismissed

-3-

Mr. Thorpe's § 2254 petition as time-barred by the one-year limitation period in 28 U.S.C. § 2244(d).

On appeal, Mr. Thorpe summarily alleges the district court failed to follow federal and constitution habeas corpus law. Mr. Thorpe also renews his claim the state court denied him a speedy trial and renews his cursory allegations his attorney violated the attorney-client privilege but admits the state district court previously dismissed this claim as time-barred.

We review *de novo* the legal basis for the district court's dismissal of Mr. Thorpe's § 2254 petition. *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied*, 119 S. Ct. 378 (1998). We may dismiss Mr. Thorpe's federal habeas petition if he did not exhaust available state remedies by presenting his claims to the state appellate court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). However, where state remedies are no longer available because of state procedural default, a dismissal for failure to exhaust is not appropriate. *See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989). Instead, we look to see if Mr. Thorpe can show cause for the default and actual prejudice resulting from the alleged federal law violation, or that a fundamental miscarriage of justice will occur if these claims are not considered. *See Coleman,* 501 U.S. at 750; *Klein v.*

*Neal,* 45 F.3d 1395, 1400 (10th Cir. 1995). In this case, Mr. Thorpe defaulted both his speedy trial and attorney-client claims, and our review of the record shows Mr. Thorpe has not met the requisite cause and prejudice or miscarriage of justice standards necessary to overcome his procedural default.

In addition, we agree Mr. Thorpe's petition is time-barred. The Anti-Terrorism and Effective Death Penalty Act established a one-year limitation period for filing habeas corpus petitions. *See* 28 U.S.C. § 2244(d)(1); *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998). For prisoners, like Mr. Thorpe, whose conviction became final before April 24, 1996, the one-year statute of limitations does not begin to run until that date and ends April 23, 1997. *Id.* at 1225. Under § 2244(d), we toll the one-year limitation period only for the time Mr. Thorpe had a "properly filed application" pending for state post-conviction relief. 28 U.S.C. § 2244(d)(2); *see also Hoggro*, 150 F.3d at 1226. In this case, we cannot count the time Mr. Thorpe spent seeking post-conviction relief because his state habeas corpus petition was deemed untimely for procedural default by both the trial and appellate state courts, and therefore, did not constitute "a properly filed application" for the purposes of 28 U.S.C. § 2244. *Hoggro*, 150 F.3D at 1226 n.4. Mr. Thorpe's untimely state post-conviction pleadings do not toll the limitation period, making his § 2254 petition due on April 23, 1997.

Because Mr. Thorpe did not file his petition until October 14, 1998, the district court correctly determined his petition is time-barred by 28 U.S.C. § 2244(d).

As for Mr. Thorpe's allegation the district court failed to follow federal and constitution habeas corpus law, we hold summary or conclusory claims are insufficient to establish a constitutional violation. *See Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981). Our review of the record shows Mr. Thorpe has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2254. *See Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), *cert. denied*, 519 U.S. 1081 (1997).

Accordingly, we deny Mr. Thorpe's application for a certificate of appealability and motion to proceed *in forma pauperis*, and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge