F I L E D
United States Court of Appeals
Tenth Circuit

FEB 6 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARIEL HOUGH,

      Petitioner - Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

Nos. 02-1423 and 02-1460
D.C. No. 01-Z-1122
(D. Colorado)

**ORDER AND JUDGMENT** [*]

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of these appeals. See Fed. R. App. P. 34(a)(2)(C). These cases are

therefore submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dariel Hough, a prisoner in the custody of the Colorado Department of Corrections, seeks to appeal the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. For the reasons stated below, we deny Mr. Hough's motion to proceed in forma pauperis (IFP), deny his application for a certificate of appealability (COA), and dismiss these appeals.

## I. BACKGROUND

In August 1997, Mr. Hough pleaded guilty in a Colorado state court to a charge of theft. The court sentenced him to four years' imprisonment followed by three years' mandatory parole. The court ordered Mr. Hough to serve the sentence concurrently with a sentence imposed by a Michigan state court.

Following his sentencing on December 11, 1997, Mr. Hough filed a "Complaint for Writ of Habeas Corpus" with the sentencing court. Mr. Hough filed that Complaint on December 22, 1997. In February and April 1998, Mr. Hough filed two post-conviction motions with the trial court. In May 1998, before the sentencing court had ruled on these motions, Mr. Hough filed a notice of appeal in the Colorado Court of Appeals. Although that court remanded one claim raised by Mr. Hough (concerning credit for confinement before the imposition of the sentence), it dismissed the remainder of the appeal because the sentencing court had not yet issued a final appealable order. See Rec. vol. I doc. 1, Ex. C-2

-2-

(People v. Hough , no. 98CA348 (Colo. App. March 18, 1999)). Mr. Hough did not seek a writ of certiorari from the Colorado Supreme Court.

On February 2, 2001, the sentencing court denied Mr. Hough's post-conviction motions. Mr. Hough did not appeal these rulings.

On May 3, 2001 Mr. Hough filed the instant 28 U.S.C. § 2254 habeas action. He asserted that: (1) the Colorado court did not inform him of the three-year mandatory parole period, rendering his guilty plea involuntary; (2) his plea was invalid because he was not brought to trial within 120 days of an Interstate Agreement and Detainer; (3) the three-year parole term constituted double jeopardy; (4) his attorney in the state court proceedings provided him with ineffective assistance of counsel; and (5) the running of the Colorado sentence concurrently with the Michigan sentence deprived the court of jurisdiction.

The district court dismissed Mr. Hough's petition for failure to exhaust. The court also observed that even if Mr. Hough had exhausted his claims, he still would not be entitled to relief. See Rec. vol. II doc. 97, at 6 (District Court Order and Judgment of Dismissal, filed Sept. 12, 2002) (stating that the court agreed with the magistrate judge's conclusion that Mr. Hough's claims lack merit).

## II. DISCUSSION

In order to proceed with these appeals, Mr. Hough must obtain a COA.  See 28 U.S.C. § 2253(c)(2).  Because the district court ruled on procedural grounds, Mr. Hough may obtain a COA if he "shows, at least, that jurists of reason would find it debatable [1] whether the petition states a valid claim of the denial of a constitutional right" and [2] "whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Mr. Hough has also moved to proceed IFP.  We may only grant such a motion if Mr. Hough "show[s] a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

Upon review of the record, we conclude that Mr. Hough has failed to meet either of these standards.  We reach that conclusion for substantially the same reasons as those articulated by the district court in its order denying Mr. Hough's habeas petition.  See Rec. vol. II, doc. 97, at 3-7.

As the district court and the magistrate observed, before filing a federal habeas corpus petition, an inmate must exhaust the available state remedies.  See 28 U.S.C. § 2254(b)(1).  "A state prisoner is ordinarily not able to obtain federal habeas corpus relief unless it appears that the applicant has exhausted the remedies

-4-

available in the courts of the State." Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994) (quotation marks omitted).

If state remedies are still available, the appropriate disposition is to dismiss a federal habeas petition without prejudice so that the petitioner may pursue those remedies. See Coleman v. Thompson, 501 U.S. 722, 731 (1991). However, where state remedies are no longer available, a dismissal for failure to exhaust is not appropriate. See id. at 750. Instead, we must deny the petition unless the petitioner can show cause for the default and actual prejudice resulting from the alleged federal law violation, or that a fundamental miscarriage of justice will occur if the claims are not considered. See id.; see also Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995).

As noted above, Mr. Hough failed to file a petition for a writ of certiorari in the Colorado Supreme Court following the Colorado Court of Appeals's 1999 decision dismissing the majority of his claims for lack of a final appealable order. Additionally, Mr. Hough did not appeal the Colorado court's February 2, 2001 ruling denying his post-conviction motions. Under the Colorado Appellate Rules, Mr. Hough had thirty days after the expiration of the time for filing a petition for rehearing in the Colorado Court of Appeals to file a petition for a writ of certiorari

with the Colorado Supreme Court. <u>See</u> Col. App. R. 52(b)(3).[1]  He had forty-five

days to appeal the sentencing court's ruling denying his post-conviction motions.

<u>See</u> Colo. App. R. 4(b)(1).  Thus, Mr. Hough is now procedurally barred from

exhausting his remedies in the Colorado courts.

Therefore, we may not reach the merits of Mr. Hough's federal habeas

petition unless he establishes cause for his procedural default and resulting

prejudice or that a fundamental miscarriage of justice will result if we do not hear

the merits of his claims.  <u>See</u> <u>Coleman</u>, 501 U.S. at 750.  Here, Mr. Hough

has established neither exception.  Moreover, for substantially the same reasons as

those articulated by the district court, we conclude that Mr. Hough's claims lack

merit.

---

[1]  Under Col. App. R. 40(a), a petition for rehearing must be filed within fourteen days of the entry of judgment unless the time is shortened or enlarged by order.

## III.  CONCLUSION

Accordingly, we DENY Mr. Hough's application for a COA, DENY his application to proceed IFP, and DISMISS these appeals.

Entered for the Court,


Robert H. Henry
Circuit Judge

.