FILED
United States Court of Appeals
Tenth Circuit

March 11, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FLOYD DAVID SLUSHER,

        Petitioner-Appellant,

v.

ROBERT FURLONG, Warden;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents-Appellees.

No. 06-1537
(D.C. No. 97-cv-1068-EWN)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

Petitioner Floyd David Slusher, a Colorado state prisoner convicted of sexual assault on a minor, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. He claims that his equal protection and due process rights are violated by his continued detention on his indeterminate sentence under the

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Colorado Sex Offenders Act (CSOA) without periodic judicial review commencing at the time he would have completed a ten-year non-CSOA sentence for the same crime. He contends that he has served more than ten years, so he is entitled to the same judicial review as that accorded persons who are civilly committed and those who are deemed not guilty by reason of insanity. He further argues that due process requires a periodic judicial determination of present dangerousness. We do not reach the merits, however, because we conclude that Slusher's claims are procedurally barred. The last reasoned state-court decision was based on independent and adequate state-law grounds. Accordingly, we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

*Background*

In 1977, Slusher entered a guilty plea in a Colorado state court to one count of sexual assault on a minor, in violation of Colo. Rev. Stat. § 18-3-405 (1975). He received an indeterminate sentence of one day to life under the version of the CSOA then in effect, Colo. Rev. Stat. §§ 16-13-201 through 216 (currently codified at Colo. Rev. Stat. §§ 18-1.3-901 through 916 (2002)). Slusher did not file a direct appeal.

In May 1982, Slusher filed a post-conviction motion with the state trial court, which was denied. On appeal, the Colorado Supreme Court affirmed. *People v. Kibel*, 701 P.2d 37, 42-45 (Colo. 1985) (en banc) (deciding combined appeals of Kibel and Slusher) (holding Slusher did not have standing because he

had not been "confined beyond the maximum permissible sentence for his underlying crime").

Slusher was released on parole from 1984 until 1989, when he was charged with three felony counts of sexual exploitation of children. He was convicted of those charges in 1990, as well as one count of being a habitual offender, and sentenced to two concurrent twenty-five-year sentences and one consecutive twenty-five-year sentence. *See People v. Slusher*, 844 P.2d 1222 (Colo. Ct. App. 1992). His parole on the 1977 conviction was revoked, and he was reincarcerated on the 1977 indeterminate CSOA sentence. In addition, his attempt to escape from jail while awaiting trial on the 1989 charges resulted in another conviction and an eight-year sentence, to be served consecutively to the fifty-year 1990 sentence.[1]

In June 1997, Slusher filed the underlying habeas petition. In March 1999, he requested that his habeas case be held in abeyance to permit him to exhaust his claims in the state court. The federal case was closed administratively, with leave to reopen for good cause. Slusher then filed another post-conviction motion in state court. The state trial court denied it, and he appealed. In an unpublished decision dated October 23, 2003, the Colorado Court of Appeals denied relief, holding that Slusher's post-conviction motion was barred by a state statute of

---

[1]    In 1992, Slusher filed an additional unsuccessful state post-conviction motion related to his 1977 conviction, asserting that his counsel had provided ineffective assistance. Those proceedings are not pertinent to this case.

limitations.  *People v. Slusher*, Nos. 01CA1725 & 01CA1763, slip op. at 5-6 (Colo. Ct. App. Oct. 23, 2003), *cert. denied*, 2004 WL 1490911 (Colo. July 6, 2004) (No. 04SC169).

The federal district court then granted Slusher's motion to reopen his habeas proceeding.  After receiving further briefing, the federal court denied habeas relief.  This court appointed counsel and granted Slusher a certificate of appealability on the following issue:  whether his equal protection and due process claims were exhausted in Colorado state court.

*Discussion*

On appeal, Slusher argues that he exhausted his equal protection and due process claims in his 1985 appeal to the Colorado Supreme Court in *People v. Kibel*.  But he ignores the later opinion issued by the Colorado Court of Appeals in *People v. Slusher*.  Our review is of "the last reasoned state court decision in this case." *Klein v. Neal*, 45 F.3d 1395, 1399 (10th Cir. 1995); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 803-06 (1991) (holding if last state court decision was cursory or unexplained, federal habeas court looks through it to the last *reasoned* court decision).  Because the 2003 decision of the Colorado Court of Appeals is the last reasoned state court decision, we review it, not the 1985 opinion of the Colorado Supreme Court.  In 2003, Slusher was denied relief based on a state statute of limitations.  Therefore, we consider whether this holding bars habeas relief.

-4-

"Generally speaking, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (quotation omitted). Accordingly, our first inquiry is whether "the Colorado Court of Appeals' ruling constitute[s] an 'adequate' ground for disposition 'independent' of federal law[.]" *Klein*, 45 F.3d at 1397. If so, we consider whether Slusher has "made a sufficient showing of either 'cause and prejudice' or that a 'fundamental miscarriage of justice' would occur so as to allow us to reach the merits of his claim." *Id.*

Among Slusher's claims addressed by the Colorado Court of Appeals was the following: "his sentence is unconstitutional because CSOA should provide for periodic judicial review of the determination that he is a threat of danger to the public." *Slusher*, Nos. 01CA1725 & 01CA1763, slip op. at 1-2. The court held that this claim was barred by the applicable state statute of limitations, Colo. Rev. Stat. § 16-5-402(1), "which prohibits a collateral attack [on] the validity of a criminal conviction for a class four felony, unless the attack is commenced before June 30, 1989, or within three years of the conviction, whichever is later." *Id.* at 4 (citing *People v. Fagerholm*, 768 P.2d 689, 693 (Colo. 1989), which established a five-year grace period from the date the statute of limitations was enacted in 1984)). Recognizing that if Slusher had not been sentenced under the

CSOA his maximum sentence would have been ten years, the Colorado Court of Appeals noted that he had served six years and ten months before he was paroled in July 1984. After his parole was revoked in June 1990, he completed ten years' incarceration "no later than August 31, 1993." *Slusher*, Nos. 01CA1725 & 01CA1763, slip op. at 5.[2] Therefore, his post-conviction motion, filed more than seven years later, was untimely because it was filed well past the three-year limitation period of Colo. Rev. Stat. § 16-5-402(1). *Id.*

Because the state statute provides for an exception to the limitation period for justifiable excuse or excusable neglect, *see* Colo. Rev. Stat. § 16-5-402(2)(d), the Colorado Court of Appeals evaluated and rejected Slusher's claim that the holding of *Kibel* precluded him from filing in time. The court determined that Slusher had no excuse for failing to act during the "almost eight-year delay after his claim became ripe." *Slusher*, Nos. 01CA1725 & 01CA1763, slip op. at 6.

This circuit has held that application of Colo. Rev. Stat. § 16-15-402 "is in fact 'adequate' to support application of a procedural bar." *Klein*, 45 F.3d at 1398. As for whether the Colorado Court of Appeals' opinion is "independent" of federal law, we conclude that it is because the opinion "does not contain even a scintilla of evidence suggesting the court relied on federal law." *Id.* at 1399. It

---

[2] Although the Colorado Court of Appeals did not address Slusher's equal-protection claim, it too is procedurally barred because if Slusher were "to attempt to now present the claim to the [Colorado] state courts . . ., it would be deemed procedurally barred," *Cummings*, 506 F.3d at 1223.

relies solely on Colorado decisional and statutory law and makes "no reference to any form of federal law, be it constitutional, statutory or decisional." *Id.* Accordingly, Slusher's claims are "subject to a procedural bar, and we will not reach the merits of his claim[s] unless he carries his burden of overriding the procedural bar," *id.*

To do so, Slusher must demonstrate either cause and prejudice or a fundamental miscarriage of justice. *Cummings*, 506 F.3d at 1224. We agree with the district court's determination that he has failed to make the necessary showing. Therefore, we do not consider the merits, and we deny habeas relief.

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge