**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

DEANGELO GORDON,

     Petitioner - Appellant,

v.

JIM FARRIS,

     Respondent - Appellee.

No. 15-6004
(D.C. No. 5:13-CV-01084-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

After a disciplinary hearing, Oklahoma prisoner Deangelo Gordon was found

guilty of violating a prison regulation and lost 365 days of good-time credits.  He

appealed that ruling to the state district court and, after that appeal was denied,

attempted a further appeal in the state judicial system.  Under Oklahoma law, a

prisoner appealing a state district court ruling in a good-time suit must file a

compliant notice of appeal with the state district court within ten days of the district

court's decision and a petition of error with the Court of Criminal Appeals within

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

thirty days of the district court's decision. Okla. Stat. tit. 57, § 564.1(G); Okla. Ct. Crim. App. R. 15.3(A), 15.4(A). Mr. Gordon did neither. His notice of appeal stated that he intended to appeal to the Oklahoma Court of *Civil* Appeals rather than the Oklahoma Court of *Criminal* Appeals. And he failed to file a petition of error within the required thirty days. Eventually, his appeal was dismissed for being untimely and initiated with the wrong court.

Having failed in state court to secure relief, Mr. Gordon next filed this 28 U.S.C. § 2241 federal habeas application. But the district court found that he had failed to exhaust state remedies and dismissed his application as procedurally defaulted. We granted a certificate of appealability to review the question whether Mr. Gordon can satisfy the requirements necessary to invoke an exception to his procedural default, and after examining the record we affirm the district court's decision.

Mr. Gordon admits that he failed to exhaust the state appellate remedies available to him, but argues that we should excuse any resulting procedural default because he can show both "cause and prejudice." *See Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007). When it comes to cause, Mr. Gordon asserts that his failure to file a compliant notice of appeal invoking the jurisdiction of the Oklahoma Court of *Criminal* Appeals was an oversight that the state courts should have helped him correct. But to excuse a procedural default, a petitioner must show a cause "*external* to [himself], something that cannot fairly be attributed to him [that] impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*,

2

132 S. Ct. 912, 922 (2012) (brackets, ellipsis, and internal quotation marks omitted). And that much simply isn't present here. Mr. Gordon does not suggest that the state courts impeded him from filing a correct notice of appeal or misled him into filing an incorrect one. And Mr. Gordon's own error cannot constitute "cause" because it was not external to him. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) (stating that pro se status and lack of legal knowledge does not establish cause); *Rodriguez v. Maynard*, 948 F.2d 684, 687-88 (10th Cir. 1991) (same); *Magar*, 490 F.3d at 819-20 (finding no cause for procedural default when a prisoner could not prove officials impeded his ability to submit an appeal). Moreover, even if Mr. Gordon had filed a correct notice of appeal, his appeal would still have been dismissed because he failed to file a timely petition of error with any court. *See* Okla. Ct. Crim. App. R. 15.3(A) ("The filing of the petition in error is jurisdictional and failure to timely file constitutes waiver of the right to appeal."). Given Mr. Gordon's failure to establish cause for his procedural default, we have no reason to reach the question of prejudice as the district court did.[1]

---

[1] Mr. Gordon's supplemental opening brief argues not only that his claim isn't procedurally defaulted under state law, but also that Oklahoma courts do not consistently follow their own rules and so we should disregard them here. This issue is beyond the scope of the certificate of appealability. Further, it was not raised in the district court, and "[t]he general rule is that an appellate court will not consider an issue raised for the first time on appeal." *Tele-Commc'ns, Inc. v. C.I.R.*, 12 F.3d 1005, 1007 (10th Cir. 1993).

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge