F I L E D
United States Court of Appeals
Tenth Circuit

April 17, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD GRAHAM,

           Petitioner - Appellant,

v.

ATTORNEY GENERAL OF THE
STATE OF KANSAS; and DAVID
McKUNE, Warden, Lansing
Correctional Facility,

           Respondents - Appellees.

No. 07-3018

(D.C. No. 06-CV-3176-MLB)

(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND
APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*[*]**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

On August 18, 2000, following a bench trial in Geary County, Kansas, a

state trial court convicted Ronald Graham for possession of methamphetamine

and possession of marijuana. The court thereafter sentenced Mr. Graham, *inter*

*alia*, to 150 months of incarceration to run consecutively to a prior prison

sentence, matters which were affirmed on direct appeal. *See State v. Graham*, 46

P.3d 1177, 1179, 1184 (Kan. 2002). Mr. Graham then sought post-conviction

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

relief in two distinct Kansas state habeas petitions; after consolidating the two petitions on September 14, 2004, and holding a hearing on November 29, 2004, the state trial court denied his requested relief on January 5, 2005. The Kansas Court of Appeals affirmed on March 10, 2006, and the Kansas Supreme Court denied review on June 8, 2006.

Following all this, on June 28, 2006, Mr. Graham filed in the United States District Court for the District of Kansas a *pro se* habeas petition under 28 U.S.C. § 2254. In a 21-page memorandum and order, the district court denied Mr. Graham's requested relief, applying the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which allows a federal court to grant habeas relief only if the challenged state court decision on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Specifically, Mr. Graham raised, and the district court rejected, the following three contentions.

1.    Mr. Graham asserted that his 2000 conviction was obtained through the admission in evidence of a prior constitutionally infirm drug conviction in Arkansas. But, the district court found no evidence that the Arkansas conviction, or even any circumstances regarding it, was introduced in his 2000 Kansas trial. Instead, the district court found that evidence from yet another trial – involving a 1986 Kansas drug conviction – was introduced in his 2000 trial and, in turn, that

certain evidence from the Arkansas trial was introduced in the 1986 proceedings. Seeking to construe Mr. Graham's petition generously, the court proceeded to ask the question whether these circumstances rendered his 2000 conviction problematic; after untangling a rather colorful series of events, it found not.

Specifically, the evidence admitted in 1986 from the Arkansas proceedings concerned only the nature of Mr. Graham's defense. In the Arkansas case, Mr. Graham unsuccessfully contended that the drugs at issue were not his own because the clothes in which they were found belonged to someone else. In the subsequent 1986 Kansas case, Mr. Graham apparently made a run at this same defense and the court admitted evidence concerning the nature of Mr. Graham's identical defense in the Arkansas proceeding to show his knowledge and lack of mistake in the possession of the drugs at issue in 1986. *See generally* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, *knowledge*, identity, or *absence of mistake or accident . . . .*" (emphasis added)). No evidence regarding the Arkansas conviction itself was introduced during the 1986 proceedings.

Rather remarkably, the process more or less seemed to repeat itself in 2000. Facing yet another drug charge and with perhaps undue faith in the adage that the third time's the charm, Mr. Graham again tried the same "clothes-aren't-mine"

defense; the Kansas state court, in turn, permitted the prosecution to introduce evidence from the 1986 trial to show Mr. Graham's peculiar attachment to this defense and, thus, knowledge and lack of mistake.

Given these facts, the district court assessing Mr. Graham's federal habeas petition found no taint in his 2000 conviction. Evidence regarding the challenged Arkansas conviction was not directly introduced in the 2000 trial. And the only evidence from the Arkansas trial introduced in the 1986 proceeding concerned the nature of the defense Mr. Graham himself had asserted; evidence about the allegedly unconstitutional Arkansas conviction was not presented even in the 1986 trial.

2.    In his federal habeas petition, Mr. Graham also contended that the 2000 Kansas trial court denied him adequate legal representation when he moved to proceed *pro se* and withdraw his plea agreement. The Kansas Court of Appeals assessing Mr. Graham's habeas petition, however, rejected this argument after finding that the trial court *had* fully and adequately advised him of the potential adverse consequences of his decision, and that his stand-by counsel was present and available to him throughout the proceeding on his motion. The district court assessing his federal habeas petition found nothing in this analysis contrary to clearly established federal law.

3.    Finally, Mr. Graham argued that the state court in his 2000 case failed to arraign him on all of the charges on which he was eventually tried and thus,

that the "trial court lacked jurisdiction due to a defective complaint."  The Kansas Court of Appeals, however, held this issue waived under Kansas law because Mr. Graham did not raise a timely objection at trial or on direct appeal.  This fact, the district court held, was dispositive of Mr. Graham's federal habeas claim: "[w]hen a federal habeas petitioner's claim has been defaulted in state court on an independent state ground, federal habeas courts will not generally address the issue."  Mem. and Order at 16 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Klein v. Neal*, 45 F.3d 1395, 1397 (10th Cir. 1995)).  Still, the district court added, review may be had for a procedurally defaulted claim on "a showing of cause for the default and resulting prejudice, or in order to prevent a fundamental miscarriage of justice."  *Id*. at 17 (citing *Coleman*, 501 U.S. at 750).  The district court proceeded to undertake an analysis of each of these requisites and found the evidence on each prong wanting in this case.  *Id*. at 17-20.

On December 28, 2006, Mr. Graham applied in the district court for a Certificate of Appealability ("COA").  Citing AEDPA and Supreme Court precedent, the district court denied the COA on January 3, 2007, ruling that Mr. Graham failed to make a "substantial showing of the denial of a constitutional right."  Order of 01/03/2007 at 1-2 (citations omitted).  Mr. Graham also applied to the district court for leave to appeal *in forma pauperis*, which the district court denied after finding that Mr. Graham had a gross annual income in excess of $10,000 by virtue of his participation in a prison industries program; a prison

savings account in excess of $2,700; and an institutional account in excess of $700. The district court further found that, after Mr. Graham's assistance to his widowed mother and payment of his prison room and board, he still netted approximately $5,000 annually from his prison industries income. "In other words, [Mr. Graham] is not indigent." Order of 02/01/2007 at 1. In the alternative, the district court ruled that Mr. Graham failed to "demonstrate the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal." *Id*. at 1-2.

Mr. Graham now seeks to appeal to us in order to pursue essentially the same arguments he raised in the district court. We may issue a COA "only if [Mr. Graham] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Graham may make this showing by convincing us that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). For substantially the same reasons given by the district court, and summarized above, we find that Mr. Graham fails to make this showing or to satisfy established legal standards for proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915; *see also* Fed. R. App. P. 24; 10th Cir. R. 24.1. Accordingly, Mr. Graham's application for a COA and motion for leave to proceed *in forma*

*pauperis* are denied and his appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge