FILED
United States Court of Appeals
Tenth Circuit

March 11, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD GRAHAM,

       Petitioner - Appellant,

v.

DAVID MCKUNE, Warden, Lansing
Correctional Facility; ATTORNEY
GENERAL OF THE STATE OF
KANSAS,

       Respondent - Appellee.

No. 07-3235
(D.C. No. 06-CV-3177-JTM)
(D. Kan.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.


Ronald Graham, an inmate appearing pro se, appeals from the denial of his

habeas corpus petition under 28 U.S.C. § 2254. The district court did not act on

Mr. Graham's request for a certificate of appealability ("COA") and therefore it is

deemed denied by that court. 10th Cir. R. 22.1(C). Because we conclude that Mr.

Graham has not made "a substantial showing of the denial of a constitutional

right," we deny his request for a COA and dismiss his appeal. 28 U.S.C. §

2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

The parties are familiar with the facts and we need not restate them here.

Specifically, we previously ruled that Mr. Graham could assert a claim challenging his 1998 resentencing on 1987 drug convictions later upheld by the Kansas Supreme Court. See State v. Graham, 30 P.3d 310, 316 (Kan. 2001).[*] The district court then denied habeas relief on this claim, noting that Mr. Graham had not presented any federal constitutional claim to the Kansas Supreme Court or to the Kansas Court of Appeals in state post-conviction proceedings that followed the appeal to the Kansas Supreme Court. See Graham v. Kansas, 130 P.3d 148, 2006 WL 619208 (Kan. Ct. App. Mar. 10, 2006). A federal habeas court, of course, does not correct errors of state law, but regardless, after finding no state-law error, it was unnecessary for the district court to consider whether Mr. Graham might have a due process claim based on an arbitrary failure to follow state law that shocks the judicial conscience. Cummings v. Sirmons, 506 F.3d 1211, 1237 (10th Cir. 2007); see Aycox v. Lytle, 196 F.3d 1174, 1179-80 (10th Cir. 1999).

On appeal, Mr. Graham argues that various courts have spoken inconsistently about a prior uncounseled Arkansas conviction and that this court should issue a definitive ruling on it. He also contends that in resentencing him

---

[*] Mr. Graham was subsequently convicted of other state-law drug offenses and was sentenced to 150 months' imprisonment; the convictions and sentence were affirmed on direct appeal. State v. Graham, 46 P.3d 1177, 1179 (Kan. 2002). After unsuccessfully seeking state post-conviction relief, Mr. Graham sought federal habeas relief which was denied by the federal district court and this court denied a certificate of appealability on those claims. Graham v. Attorney General of Kan., 231 F. App'x 790, 793 (10th Cir. 2007) (unpublished).

on the 1987 conviction, the state district court improperly considered the Arkansas conviction by incorporating it by reference from prior proceedings. He also contends that he should have been granted a sentencing modification hearing after the state challenged the state district court's suspension of his sentence.

A COA only issues when the petitioner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Mr. Graham must show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Mr. Graham has not made such a demonstration. As the district court noted, echoing the conclusion of the Kansas Court of Appeals, Graham, 2006 WL 619208, at *3, Mr. Graham's resentencing that resulted in the imposition of the fifteen-year to life sentence was unquestionably the product of Mr. Graham's recidivism after the state district court had earlier suspended the imposition of sentence and placed him on probation. There was no clear violation of any constitutional right as established by the Supreme Court. See 28 U.S.C. § 2254(d)(1).

With regard to Mr. Graham's contention that he was denied a sentencing modification hearing, we simply note that he has not presented any Supreme

Court law establishing that he has a right to one. He has not presented any debatable point on whether the state district court made a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see Slack, 529 U.S. at 484.

We therefore DENY the application for a COA and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge