**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL JAMES PERRY,

   Petitioner-Appellant,

  v.

DAVID R. McKUNE, Warden,
Lansing Correctional Facility; PHILL
KLINE, Attorney General of Kansas,

   Respondents-Appellees.

No. 05-3170

(D.C. No. 04-CIV-3329-SAC)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY,** and **HENRY**, Circuit Judges.

---

  After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

  Petitioner Michael James Perry pleaded guilty to two counts of rape and was sentenced in Kansas state court to 147 months' imprisonment for each count,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to be served consecutively. Mr. Perry's conviction was upheld on direct appeal to the Kansas Court of Appeals. He then sought the discretionary review of the Kansas Supreme Court, but, because he failed to take a timely appeal, the Kansas Supreme Court refused to hear his appeal. Mr. Perry now relies on 28 U.S.C. § 2254 to challenge his conviction. He argues that he is entitled to relief from his state court conviction because (1) of prosecutorial misconduct, (2) his plea agreement was coerced, and (3) he received ineffective assistance of counsel. The district court dismissed Mr. Perry's claim for failure to exhaust available state court remedies and denied Mr. Perry's request for a Certificate of Appealability.

Mr. Perry now seeks from this court a Certificate of Appealability. To grant a Certificate of Appealability, Mr. Perry must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). To meet this burden, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). The relevant question regarding Mr. Perry's petition is whether he exhausted his state court remedies.

To qualify for relief under § 2254, Mr. Perry must first exhaust his state

court remedies. 28 U.S.C. § 2254(b) (2004). We have held that "[t]he exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citing Charles A. Wright et al., *Federal Practice and Procedure* § 4264.1 at 341 (1988)). Mr. Perry's argument that he has exhausted his state court remedies fails for the reason that, when review by the highest state court is denied for procedural reasons, the exhaustion requirement is not satisfied. *See Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993).

To avoid losing his § 2254 claims after a procedural default at the state level, Mr. Perry must either show cause for the procedural default or show that the failure to hear his claim will lead to a miscarriage of justice. The Supreme Court has explained:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause and excuse the procedural default, a petitioner must establish that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural

rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Absent cause for the procedural default, a petitioner must make a "colorable showing of factual innocence" to demonstrate a fundamental miscarriage of justice and avoid § 2254's exhaustion requirement. *Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997) (citing *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995)).

Mr. Perry has failed to exhaust his state law remedies, has not shown cause for his procedural default, and has not demonstrated that dismissal of his claim will result in a fundamental miscarriage of justice. We have carefully reviewed Mr. Perry's brief, the district court's orders dated October 5, 2004, and March 30, 2005, and the record on appeal. Nothing in the facts, the record on appeal, or Mr. Perry's filings raises an issue that requires granting a Certificate of Appealability. For substantially the same reasons set forth by the district court in its orders, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack*, 529 U.S. at 484.

We DENY Petitioner's request for a certificate of appealability and DISMISS the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge

-4-