FILED
United States Court of Appeals
Tenth Circuit

**June 7, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL JAMES PERRY,

     Petitioner-Appellant,

v.

DAVID R. McKUNE, Warden;
STEVEN SIX, Attorney General of the
State of Kansas,

     Respondents-Appellees.

No. 10-3072

(D.C. No. 5:08-CV-03181-SAC)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY***

---

Before **BRISCOE,** Chief Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

     Michael James Perry, a Kansas state prisoner appearing pro se, seeks a

certificate of appealability ("COA") in order to challenge the district court's

dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely filed. For

the following reasons, we DENY his request for a COA and DISMISS this matter.

**I**

     In December 2002, Perry entered a plea of no contest to two counts of rape,

and he was sentenced to a total term of 294 months' imprisonment. The Kansas

---

     * This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

Court of Appeals affirmed the convictions, and on November 25, 2003, the Kansas Supreme Court denied Perry's motion to file a petition for review out of time.

On September 28, 2004, Perry filed his first petition for a writ of habeas corpus in federal district court. Because Perry had not exhausted his claims in state court by filing a timely appeal to the Kansas Supreme Court, his petition was dismissed without prejudice. On October 17, 2005, this court denied his request for a COA, concluding that Perry had "failed to exhaust his state law remedies, ha[d] not shown cause for his procedural default, and ha[d] not demonstrated that dismissal of his claim [would] result in a fundamental miscarriage of justice." Perry v. McKune, 150 F. App'x 899, 901 (10th Cir. 2005).

On April 13, 2006, Perry filed for post-conviction relief in Kansas state district court. The state district court concluded that Perry's claims were identical to those presented in his direct appeal, and dismissed the matter. The Kansas Court of Appeals affirmed that decision, and the Kansas Supreme Court denied review on September 27, 2007.

On July 8, 2008, Perry filed the present § 2254 petition for habeas corpus relief. He argued to the district court that his plea was coerced, he was prejudiced by ineffective assistance of trial counsel, and the criminal complaint was defective. The district court ordered Perry to show cause why his petition should

2

not be dismissed as untimely. After Perry filed a response, the district court concluded that the petition was untimely, and Perry was not entitled to statutory or equitable tolling. The district court alternatively reasoned that his claims were procedurally defaulted because he presented essentially the same claims for which he failed to seek timely review in the Kansas Supreme Court. The district court then dismissed his petition. Perry now seeks a COA in order to appeal this dismissal.[1]

## II

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a COA is a jurisdictional prerequisite to our review of the dismissal of a § 2254 petition. See 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). We will issue a COA only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

---

[1] Prior to filing his brief and application for a COA, Perry filed in this court a "Motion for Order to Federal District Court to Consider Successive Petition for Writ of Habeas Corpus," which was denied. Perry was directed to address his claims of error in his brief, and he was informed that to the extent he was asking for an abatement pending the outcome of a Kansas Supreme Court proceeding in which he is involved, he could raise that issue in his brief as well. He has not requested such an abatement in either his brief or application for a COA.

3

deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). Where, as here, a district court dismisses a petition on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

As the district court correctly noted, there is a one-year period of limitation for filing § 2254 habeas petitions. See 28 U.S.C. § 2244(d)(1). This period begins to run from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). The limitation period is tolled by "[t]he time during which a properly filed application for State post-conviction [relief] . . . is pending . . . ." Id. § 2244(d)(2). However, this period is not tolled by the time during which federal habeas relief is pending. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

Additionally, this one-year limitation period "is subject to equitable tolling but only in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted). Equitable tolling "is only available when [a petitioner] diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). This equitable

4

remedy "would be appropriate, for example, when a [petitioner] is actually innocent, when an adversary's conduct–or other uncontrollable circumstances–prevents a [petitioner] from timely filing, or when a [petitioner] actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson, 232 F.3d at 808 (internal citations omitted). We review the district court's decision to deny equitable tolling for an abuse of discretion. Fleming v. Evans, 481 F.3d 1249, 1254–55 (10th Cir. 2007).

After reviewing the record, we agree with the district court that Perry filed the instant § 2254 petition well after the one-year limitation period, and this period was not statutorily tolled. This one-year period began to run in February 2004, ninety days after the Kansas Supreme Court denied his motion to file a petition for review out of time, when the time for filing a petition for certiorari to the United States Supreme Court had passed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Section 2241(d)(2) did not toll this limitation period while his first petition for habeas relief was pending. See Duncan, 533 U.S. at 181–82. Thus, the limitation period expired in February 2005.

Further, there is no basis in the record to support equitable tolling. Construing his pleadings liberally, see Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003), Perry argues that his state charging documents were defective, and equitable tolling is available when a prisoner is actually innocent. Although "[a] claim of actual innocence may toll the AEDPA statute of

5

limitations," Perry's arguments "do not relate to actual innocence." See Laurson v. Leyba, 507 F.3d 1230, 1233 (10th Cir. 2007). "Actual innocence means 'factual innocence.'" Id. (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)). Perry has not provided a factual basis for his claim that he was actually innocent of the crimes for which he was convicted. Indeed, he does not "assert that he did not commit the crime to which he pleaded [no contest]." See id.

Upon our review of the pleadings, the record on appeal, and the appendix, Perry has not presented any "rare and exceptional circumstances," Gibson, 232 F.3d at 808 (quotations omitted), that would support equitable tolling. Thus, reasonable jurists would not debate the district court's dismissal of Perry's § 2254 petition as untimely.[2]

### III

Accordingly, Perry's request for a COA is DENIED and this matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

---

[2] Because we conclude that Perry's petition was untimely, we do not address the district court's alternative basis for dismissing Perry's petition, i.e., that Perry's claims were procedurally defaulted.

6