**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BILLY VON HALLCY,[*]

            Petitioner-Appellant,

v.

KEVIN MILYARD; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

            Respondents-Appellees.

No. 09-1567
(D.C. No. 09-cv-812-ZLW-BNB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[**]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

[*]      The record transmitted by the district court identified Appellant as "Billy Von Halley." As best we can tell, however, the correct spelling of Appellant's surname is "Hallcy." Appellant's hand-written filings appear to reflect this spelling, and, notably, the State confirmed the point before the district court, *see* R. at 44 n. 1 (Pre-Answer Resp., filed Sept. 11, 2009).

[**]    This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

      After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Billy Von Hallcy is a prisoner in the custody of the State of Colorado. Proceeding pro se,[1] he seeks a Certificate of Appealability ("COA") to appeal from the district court's denial of his 28 U.S.C § 2254 petition for a writ of habeas corpus. We **DENY** his request for a COA and **DISMISS** this matter.

## I. Background

In 2001, Mr. Hallcy was convicted of attempted first-degree sexual assault and various other offenses in Colorado state court. In addition to several other sentences, he received a sentence under Colorado law for an indeterminate term of 12 years to life in prison. Mr. Hallcy challenged his convictions and the indeterminate sentence on direct appeal and in collateral proceedings in state court, but his claims were all rejected. Mr. Hallcy then sought relief in federal district court, filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court refused to grant the writ, concluding that his claims were barred by the statute of limitations.

Mr. Hallcy filed a timely notice of appeal. The district court subsequently denied his request for a COA, and denied his motion to proceed on appeal *in forma pauperis*. Mr. Hallcy renews both of these requests before us. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).

---

[1] Because Mr. Hallcy is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

## II. Discussion

Unless a petitioner obtains a COA, we lack jurisdiction to consider the merits of a habeas appeal. 28 U.S.C. § 2253(c)(1)(A). We may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Where the district court denies a petition on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

The district court dismissed Mr. Hallcy's petition on procedural grounds, concluding that his claims were barred by the one-year limitations period established by 28 U.S.C. § 2244(d).[2] The court reasoned that Mr. Hallcy's

---

[2] 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

(continued...)

conviction became final on July 6, 2004, starting the one-year clock. The limitations period was tolled from July 22, 2004, through September 20, 2004, while Mr. Hallcy was pursuing state post-conviction remedies. *See* § 2244(d)(2). Even with this tolling, however, the one-year period expired on September 6, 2005—long before Mr. Hallcy filed his next state post-conviction motion on August 8, 2006. The district court noted that Mr. Hallcy did not claim that his case fell under the circumstances enumerated at § 2244(d)(1)(B)–(D). Nor did he allege any facts suggesting that he was entitled to equitable tolling of the limitations period. Thus, the district court concluded that Mr. Hallcy's claims were time-barred.

---

[2](...continued)
the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In his application to this court seeking a COA, Mr. Hallcy seems to admit as much. *See* Aplt. Appl. for COA at 4. Nonetheless, he urges us to consider his claims because he "did not know about any time bar[]," and "[i]t would be a fundamenta[l] miscarriage of justice to hold this again[st] me in this case. So know [sic], I did not seek the required steps in this case. I would hope this court [would] give me a chance to right this wrong." *Id.* (citation omitted). Construing this statement liberally because Mr. Hallcy is litigating pro se, we take this as a claim that he is entitled to equitable tolling. However, as the district court noted, in the proceedings before it Mr. Hallcy "fail[ed] to allege *any facts* that might justify equitable tolling of the one-year limitation period." R. at 216 (Order of Dismissal, filed Nov. 19, 2009) (emphasis added). This failure is reason enough for us not to consider Mr. Hallcy's late-blooming equitable contentions on appeal. *See, e.g.*, *Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 2008) (declining to address petitioner's arguments in favor of equitable tolling where they were not presented to the district court); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (same).

Even were we to overlook this failing and consider the substance of Mr. Hallcy's claim, he would not be able to show that the correctness of the district court's procedural decision is reasonably debatable; thus, he cannot take the first step toward a substantial showing of the denial of a constitutional right. The Supreme Court has recently affirmed that § 2244(d)'s limitations period is subject

to equitable tolling. *Holland v. Florida*, 78 U.S.L.W. 4555, No. 09-5327, 2010 WL 2346549, at \*9 (U.S. June 14, 2010). But, in doing so, the Court also affirmed that a habeas petitioner seeking equitable tolling must clear a high hurdle. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at \*12 (internal quotation marks omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) ("'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'" (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007))).

In light of this high standard, Mr. Hallcy's professed ignorance of the law is not enough to justify the extraordinary remedy of equitable tolling—a proposition implied by the very case that he cites to us. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) (stating that a petitioner's "assertions he is not a lawyer and he was unaware of [a] statute's existence are insufficient as a matter of law to constitute 'cause'" to surmount a habeas procedural bar). We are sympathetic to Mr. Hallcy's difficulties in navigating the legal system on his own. But no reasonable jurist could conclude that the district court erred in determining that Mr. Hallcy's claims were time-barred; accordingly, we must deny Mr. Hallcy's request for a COA.

Finally, we deny Mr. Hallcy's request to proceed *in forma pauperis* because he has failed to identify "'the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)).

## III.  Conclusion

For substantially the reasons given by the district court, we **DENY** Mr. Hallcy's request for a COA and **DISMISS** this matter.  Furthermore, we **DENY** his request for *in forma pauperis* status.

Entered for the Court

JEROME A. HOLMES
Circuit Judge